ANDREW JACKSON, ADMINISTRATOR OF JAY J. COOPER, DECEASED, v. THE CONSOLIDATED TRACTION COMPANY.

1. A motion to nonsuit or direct a verdict on the ground of the lack of evidence on a certain point, which evidence the trial judge might, at his discretion, permit to be supplied, should bring to the attention of the judge the precise point relied on in support of the motion, or the ruling thereon will not in general be reviewed on a rule to show cause.

2. While juries, in determining the pecuniary injury occasioned by the death of a person to his next of kin, under our statute, may be obliged, to some extent, to form their estimate of damages on conjectures and uncertainties, yet, when the evidence furnishes some standard for the calculation of damages, a verdict disregarding such standard and awarding damages in excess of any possible calculation based thereon will not be permitted to stand.

On rule to show cause.

Argued at February Term, 1896, before BEASLEY, CHIEF JUSTICE, and Justices DIXON, MAGIE and GARRISON.

For the rule, *Warren Dixon.*

*Contra, John Linn.*

The opinion of the court was delivered by

MAGIE, J. Among the reasons assigned in support of this rule are two based upon the refusal of the trial judge to nonsuit the plaintiff or to direct a verdict for the defendant.

It is first argued that such refusals were erroneous because there was no evidence that the trolley car which struck and killed plaintiff's intestate belonged to defendant or was controlled or run by it. An examination of the case shows that there was no direct evidence of that sort.

But in my judgment this contention should not be considered. Neither the motion to nonsuit nor the motion to direct a verdict presented to the trial judge such lack of evidence as the ground on which the motions were made. If his attention had been called to this point he had discretion to permit the evidence to be supplied, and doubtless it would have been supplied. The motions were made upon the ground, among others, that plaintiff had not established the liability of defendant. This vague statement left the mind of the trial judge unenlightened as to defendant's claim. Whether it was that the evidence failed to prove that the death of plaintiff's intestate was caused by the trolley car, or that the motorman was negligent or that the motorman was in defendant's employ, so that the maxim *"respondeat superior"* would apply, was not disclosed. Upon error, a bill of exceptions which does not show that the precise point of which a review is sought was made by counsel, presented to the mind of the court and decided, will not be considered. *Trade Insurance Co.* v. *Barracliff,* 16 *Vroom* 543. The same reason applies to the review of such rulings of the trial judge by rules to show cause.

But there was some evidence from which it could be justly inferred that the trolley car which caused the death of plaintiff's intestate was under the management and control of defendant. Plaintiff called as a witness the person who had been the conductor in charge of the car at the time of the accident. In cross-examination of this witness defendant's counsel drew out that he had been discharged from his employment, and then, upon counsel's opening that he desired to show the animus of witness towards defendant, he was permitted to ask witness whether he had not been discharged for failure to " ring up fares." If the conductor in charge of the car was in the employ of defendant, it was fairly inferable that the car was run by defendant.

Nor were these refusals erroneous upon the other grounds upon which the motions were made, viz., lack of proof of negligence or misconduct on the part of the motorman and negligence of the deceased contributing to his death. There was sufficient evidence to go to the jury of the negligence of the motorman from witnesses who testified that the car was driven at an excessive speed. Whether or not deceased, under the circumstances, was in the exercise of the required care was clearly a question for the jury.

But the defendant's contention that the damages found by the verdict were excessive presents a more serious question.

The evidence disclosed that deceased at the time of his death was twenty-two years old. He was earning $12 per week, of which he gave his mother from $5 to $9 per week for his board. His father was his next of kin. Assuming that the payments to the mother were a pecuniary benefit to his father, it is obvious that the amount of such benefit was measured not by the weekly payments, but by the profit retained out of them after furnishing deceased his board.

The pecuniary injury to the father by the death of his son recoverable under our statute cannot exceed the loss of the above-mentioned benefit during the probable duration of the life of the father.

The case does not show the age of the father and therefore

there was nothing to indicate his probable expectancy of life. But of course it was less than the expectancy of life of his son. The joint expectancy of the life of the son and the father was also less than that of the son.

The verdict was for $5,000, which is about the present worth of $7 per week for the expectancy of life of a man of twenty-two years of age. That amount plainly exceeds the pecuniary injury to the father, whose expectancy of life was less than that, and the present worth is calculated, apparently, upon a sum much exceeding any pecuniary benefit shown to have been derived or to be likely to be derived by the father from his son.

While, as has been well said, a jury in these cases must, to a large extent, form their estimate of damages on conjectures and uncertainties, yet, where the evidence furnishes some standard for valuation of the damages, a verdict wholly disregarding such standard ought not to stand, because evidently not the result of the judgment of the jury but of prejudice or carelessness.

But the cause appears to have been fully tried, and the verdict of the jury is in other respects unexceptionable. Under those circumstances we think that, if plaintiff will abate from the verdict rendered the sum of $3,000, the verdict may stand for the remainder and this rule be discharged; otherwise, for this excessive verdict, the rule must be made absolute.